**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricky Randall Wrex Smith, | No. CV-19-00590-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Barbara Von Blanckensee, | |
| Respondent. | |

On December 20, 2019, Petitioner Ricky Randall Wrex Smith filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) On April 9, 2020, Petitioner filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). (Doc. 8.) Respondent filed an Answer on September 18, 2020 (Doc. 21), and Petitioner filed a Reply on October 2, 2020 (Doc. 26). On May 6, 2021, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") (Doc. 29), recommending that this Court dismiss the Petition for lack of jurisdiction. Petitioner filed a timely Objection (Doc. 30), Respondent filed a Response to the Objection (Doc. 31), and Petitioner filed a Clarification to the Objection (Doc. 32). For the following reasons, Petitioner's Objection will be overruled, the R&R will be adopted, and the § 2241 Petition will be denied.

**I.      Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). The district judge

must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## II.     Background

Petitioner pleaded guilty to a three-count indictment charging him with (1) production of child pornography, 18 U.S.C. § 2251(a); (2) transportation of child pornography, 18 U.S.C. § 2252A(a)(1); and (3) possession of child pornography, 18 U.S.C. § 2252(a)(5)(B). (Doc. 21-2.) The State voluntarily dismissed Counts 2 and 3. (Doc. 21-3 at 1.) The United States District Court for the Middle District of Alabama entered judgment finding Petitioner guilty on Count 1—the production of child pornography in violation of 18 U.S.C. § 2251(a)—and sentenced Petitioner to a term of life imprisonment. (*Id.* at 2.) Petitioner did not file a direct appeal. Petitioner is currently incarcerated at the United States Penitentiary in Tucson, AZ, within the District of Arizona. (Doc. 29 at 1.)

On November 13, 2012 in the Middle District of Alabama, Petitioner filed his first petition pursuant to 28 U.S.C. § 2255 challenging his conviction and resultant life sentence. *Smith v. U.S.*, 1:12-CV-1006-WKW, 2015 WL 438970, at *1 (M.D. Ala. Feb. 3, 2015). The court denied that petition as time-barred because it was filed after expiration of the one-year limitation period set forth in 28 U.S.C. § 2255(f). *Smith v. U.S.*, 1:12-CV-1006-WKW, 2015 WL 438970, at *1 (M.D. Ala. Feb. 3, 2015). Petitioner filed second, third, and fourth unsuccessful § 2255 petitions in the Middle District of Alabama, all of which

were dismissed as "a successive motion filed without the required appellate court authorization." *Rex Smith v. U.S.*, 1:18CV538-WKW, 2018 WL 3421599, at *1 (M.D. Ala. June 13, 2018), *report and recommendation adopted sub nom. Smith v. U.S.*, 1:18-CV-538-WKW, 2018 WL 3420804 (M.D. Ala. July 13, 2018).

Petitioner alleges in the instant § 2241 petition that pursuant to the Ninth Circuit's recent decision in *United States v. Schopp*, 938 F.3d 1053 (9th Cir. 2019), his prior state convictions "could not be used to enhance [his] sentence" under 18 U.S.C. § 2251(e) because they are not a categorical match to the federal offense of production of child pornography. (Doc. 8 at 4.) Petitioner argues that he was therefore illegally sentenced to life imprisonment. (*Id.*) Petitioner requests that the Court "vacate [his] life sentence and remand for resentencing." (*Id.* at 9.) Finally, Petitioner contends that he is entitled to bring this § 2241 petition pursuant to the savings clause because *Schopp* materially changed the law governing his sentence after his first § 2255 petition. (*Id.* at 5.) The R&R rejects Petitioner's arguments.

The R&R finds that the Court lacks jurisdiction over the § 2241 petition and recommends that it be dismissed. (Doc. 29 at 2.) In reaching this conclusion, the R&R finds that Petitioner was sentenced under 18 U.S.C. § 3559(e), not 18 U.S.C. § 2251(e) as Petitioner asserts in his Petition. (*Id.*) Because *Schopp* only construed the sentencing enhancement in § 2251(e) and had no impact on § 3559(e), "Petitioner did not lack an unobstructed procedural shot to present his claim for relief" in a timely § 2255 petition. (*Id.*) Therefore, Petitioner was not permitted to bring this § 2241 petition under the escape hatch. (*Id.* at 9-10.)

In his Objection, Petitioner argues that because his offense took place on or before May 2000—before § 3559(e) was enacted—his life sentence violates the Ex Post Facto Clause. (Doc. 30 at 1; Doc. 32 at 2.) Alternatively, Petitioner argues that "a constructive amendment in violation of the Fifth Amendment's Grand Jury Clause would have had to occur at sentencing on Count 1 only." (Doc. 32 at 2.) In response to the Objection, Respondent maintains that the R&R correctly concludes that Petitioner was sentenced

under § 3559(e). (Doc. 31 at 2.)[1] Respondent specifies that "the statute is mentioned two times in the Pre-Sentence Report" and "the Alabama district court expressly referred to § 3559(e) during Smith's sentencing." (*Id.* at 1-2.) Therefore, Respondent asserts that the Court should dismiss the Petition. (*Id.* at 2.)

### III. Applicable Law

To determine jurisdiction, district courts must first determine whether a petitioner was permitted to bring a habeas corpus petition under 28 U.S.C. § 2241 pursuant to the escape hatch, or whether the petition should be construed under 28 U.S.C. § 2255. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). This is the decisive jurisdictional question because "[g]enerally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id*. at 864. A petitioner may not bring a second or successive § 2255 petition without first obtaining certification from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). A petitioner cannot avoid these restrictions by filing a § 2241petition. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

However, under the "savings clause" or "escape hatch" of § 2255, a prisoner may contest the legality of his sentence by filing a petition pursuant to § 2241 "when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Harrison*, 519 F.3d at 956 (quoting 28 U.S.C. § 2255). The Ninth Circuit has held that "a § 2241 petition is available under the escape hatch of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens*, 464 F.3d at 898 (internal quotation marks omitted).

To successfully make a claim of actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would

---

[1] Although Respondent refers to Petitioner being sentenced under 18 U.S.C. § 3539(e), it appears that this is a typo and that Respondent intended to refer to 18 U.S.C. § 3559(e). (*See* Doc. 29 at 7.)

have convicted him." *Id*. The Ninth Circuit has held that a claim of actual innocence may be based on a petitioner being found statutorily ineligible for a sentencing enhancement where a retroactive change in the law has rendered a petitioner factually innocent of a predicate offense. *Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020). "That is, he is actually innocent of the enhancement." *Id*. at 1189.

To determine whether a petitioner has had an unobstructed procedural shot at presenting a claim of actual innocence, courts consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (internal quotation marks omitted). A petitioner does not have an unobstructed shot to present his claim if, after a prisoner's direct appeal and first § 2255 motion, an intervening court decision "effects a material change in the applicable law." *Allen*, 950 F.3d at 1190 (internal quotation marks and citation omitted).

A § 2241 petition pursuant to the escape hatch must be filed in the custodial court. *Hernandez*, 204 F.3d at 865. If the escape hatch does not apply, however, a § 2241 petition contesting the legality of a sentence must be construed under § 2255, such that jurisdiction lies only in the sentencing district. *Id*.

**IV.    Analysis**

As a threshold matter, Petitioner's argument that he was sentenced under § 2251(e) and therefore can rely on *Schopp* to support a showing of actual innocence is meritless. The offender in *Schopp* was sentenced under § 2251(e). *United States v. Schopp*, 938 F.3d 1053, 1056 (9th Cir. 2019). However, as the R&R finds, "[w]hile Petitioner was charged with production of child pornography in violation of 18 U.S.C. § 2251(a), Petitioner was sentenced under 18 U.S.C. § 3559(e)." (Doc. 29 at 7.) The record supports this finding.

Section 3559(e) provides that "[a] person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim." At Petitioner's sentencing, the State

- 5 -

specified that, "Under Title 18, United States Code, Section 3559(e), [Petitioner] qualifies for a mandatory life sentence in this case if several elements are met." (Doc. 28-1 at 13.) The State noted that the first element of § 3559(e) is met because the offense Petitioner was convicted of in the instant case, § 2251(a), is a qualifying federal sex offense in which the victim was a minor. (*Id.*) Next, the State noted that the second element is met because Petitioner's two prior state felony convictions qualify as prior sex convictions in which a minor was the victim under § 3559. (*Id.*) The court concurred with the State's analysis that Petitioner met the criteria to be sentenced under 3559(e)(1) and concluded: "The Court does make the finding as part of the sentencing in this case that the defendant is subject to mandatory life imprisonment for repeated sex offenses against children under Section 3559(e)(1)." (*Id.* at 14.)

The distinct elements of § 3559(e) and § 2251(e) provide further support that Petitioner was sentenced under § 3559(e) and not § 2251(e). Section 2251(e) states that a defendant with "2 or more prior convictions…under the laws of any State relating to the sexual exploitation of children…shall be…imprisoned not less than 35 years nor more than life." The Ninth Circuit in *Schopp* found that the defendant's prior state offenses were not a categorical match to the federal definition of "sexual exploitation of children" and therefore could not serve as predicate offenses for the multiple conviction enhancement in § 2251(e). *Schopp*, 938 F.3d at 1063, 1069. Petitioner relies on this reasoning to argue that his sentence was improperly enhanced pursuant to § 2251(e). However, unlike § 2251(e), § 3559 does not include the term "sexual exploitation of children," except in reference to § 2251 in defining "Federal sex offense." *See* 18 U.S.C. 3559(e)(2)(A). Nor is the term "sexual exploitation of children" present in Petitioner's sentencing transcript. Rather, the sentencing court invoked § 3559(e) as described above. Based on the foregoing, it is clear that Petitioner was sentenced to mandatory life imprisonment pursuant to § 3559(e). *See also Smith*, 2015 WL 438970 at *3 ("[T]he sentence actually imposed against [Petitioner] was not controlled by his sentencing range calculated under the guidelines, but rather by the statutory provisions of 18 U.S.C. § 3559(e), which mandated that he be sentenced to

- 6 -

life in prison as a repeat sex offender against children.").

As the R&R finds, "[b]ecause *Schopp* only considered the sentencing enhancement in § 2251(e), *Schopp* did not materially change the law relating to Petitioner's life sentence" under § 3559(e). (Doc. 29 at 8.) Petitioner's prior state sex convictions involving a minor remain predicate crimes that qualify Petitioner for the mandatory life sentence he received under § 3559(e). Thus, Petitioner has no basis to claim that he is "actually innocent" of the sentence that was imposed.

Even if the Petitioner had successfully made a claim of actual innocence, Petitioner fails to satisfy the escape hatch because he had an unobstructed procedural shot at presenting his claim of actual innocence. As previously established, *Schopp*, which Petitioner relies on to make his case, has no bearing on his sentence. Additionally, the law has not changed in any relevant way since Petitioner's first § 2255 petition. Thus, Petitioner was not permitted to bring a § 2241 petition in the custodial court pursuant to the escape hatch because Petitioner had an unobstructed procedural shot to present his actual innocence claim in a timely § 2255 petition. Accordingly, the instant petition must be construed as a petition under § 2255.

Because § 2255 petitions must be filed in the sentencing court, the District of Arizona as the custodial court lacks jurisdiction over the petition. The Middle District of Alabama, as the sentencing court, has exclusive jurisdiction to hear Petitioner's claim. Transfer to the sentencing court is appropriate if three conditions are met: "(1) the transferring court lacks jurisdiction; (2) the transferee could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing *Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989)).

Here, the first factor—that the transferring court lacks jurisdiction—is met. The second condition, however, is not met. The transferee could not have exercised jurisdiction at the time the action was filed because the action constitutes a successive § 2255 petition, which has not been authorized by the Eleventh Circuit. The third condition is not met

because the Middle District of Alabama would not be able to exercise jurisdiction over the instant petition and therefore transfer would not be in the interest of justice.

Accordingly,

**IT IS ORDERED** that Petitioner's Objection (Doc. 30) is **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 29) is **accepted and adopted in full.**

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 8) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 25th day of August, 2021.

Honorable Rosemary Márquez
United States District Judge